UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BLUE DANIEL DENSMORE,<br><br>Defendants. | Case No. 1:16-cr-00295-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Blue Densmore's Emergency Motion for Compassionate Release. Dkt. 57. The Government opposes the motion. Dkt. 59. After considering the briefing and record, the Court will deny the motion.

# BACKGROUND

In 2017, Densmore pled guilty to possession with intent to distribute methamphetamine and was sentenced to 120 months incarceration. Densmore was arrested after trafficking methamphetamine and selling firearms in the Boise area. Densmore sold multiple firearms and over 200 grams of methamphetamine to undercover officers. Dkt. 44. Densmore was held responsible for 235 grams of methamphetamine mixture, 98 grams of actual methamphetamine, and 123 grams

of marijuana. Densmore's previous convictions include possession of a controlled substance and unlawful possession of a firearm.

Densmore has served approximately 48 months of his sentence. His projected release date is June 21, 2025. Densmore is currently incarcerated at USP Lompoc, which has 47 inmates and 7 staff with active COVID-19 infections. https://www.bop.gov/coronavirus/ (last accessed January 7, 2021).

In May 2020, Densmore tested positive for COVID-19, had mild symptoms, and has since recovered. Dkt. 59-1 at 43-49. Densmore is 43 years old and alleges that he suffers from renal, kidney, and pancreatic ailments. Dkt. 61 at 11. The PSR noted that Densmore had unknown medical issues related to his digestion, kidneys, and pancreas, for which he was granted Social Security Disability. Dkt. 44 at 14. The only ailment noted in the BOP medical records was a MRSA infection in Densmore's right shoulder, which healed in 2018. Dkt. 59-1 at 24.

While incarcerated Densmore has performed well, participating in multiple programs including drug abuse programming and alternatives to violence programming. Dkt. 57-2.

## LEGAL STANDARD

Mr. Densmore seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter,

MEMORANDUM DECISION AND ORDER - 2

determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Densmore requested compassionate release from the Warden at USP Lompoc on June 16, 2020 and as of July 4, 2020 the Warden had not responded. Therefore, he has exhausted his remedies under § 3582(c)(1)(A) and his motion is ripe for consideration.

The § 3553(a) factors do not warrant a reduction of Densmore's sentence. Densmore was arrested for distributing large quantities of methamphetamine and selling firearms in southern Idaho. He has served only 48 months of his 120 month

**MEMORANDUM DECISION AND ORDER - 3**

sentence. Densmore has performed well in prison, however this does not change the § 3553(a) analysis. Further, the Court cannot find that Densmore would not be a danger to society if released.

Densmore has also not demonstrated extraordinary and compelling reasons warranting his release. He is 43 years old, he appears to suffer from unidentified kidney disease, which may put him at a higher risk of severe illness if he contracts COVID-19.[1] However, he already contracted COVID, had relatively mild symptoms, and recovered. While USP Lompoc has active COVID cases, this is not enough to constitute extraordinary and compelling reasons for release. Accordingly, the Court will deny Densmore's motion.

## ORDER

**IT IS ORDERED** that Blue Densmore's Emergency Motion for Compassionate Release (Dkt. 57) is **DENIED.**

DATED: January 19, 2021

B. Lynn Winmill
U.S. District Court Judge

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#chronic-kidney-disease (last accessed January 7, 2021)

**MEMORANDUM DECISION AND ORDER - 4**